UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————— X

ITALIAN TILE MARBLE & GRANITE,
INC.,

                         Plaintiff,                    **MEMORANDUM AND ORDER**

         v.                                     25-cv-3533 (DLI) (LKE)

FLOOR & DECOR,

                         Defendant.

——————————————————————— X

**LARA K. ESHKENAZI**, United States Magistrate Judge:

Plaintiff Italian Tile Marble & Granite, Inc. ("Plaintiff" or "Italian Title") filed this action against Defendant Floor & Decor, or Floor & Decor Outlets of America, Inc. ("Defendant" or "F&D") alleging that Defendant engaged in false advertising and unlawful and deceptive practices in violation of New York State General Business Law ("GBL") §§ 349 and 350. Before the Court, by consent to magistrate jurisdiction, is the motion of Defendant to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(c) for failure to state a claim. For the reasons set forth below, the Court grants the motion and dismisses Plaintiff's Amended Complaint with leave to amend.

## I.    BACKGROUND

### A.    Factual Background

The facts are drawn from Plaintiff's Amended Complaint. (*See* Am. Compl., ECF 1-3.) As required on a motion to dismiss, the Court accepts as true all well-pled allegations of the Amended Complaint and draws all reasonable inferences in favor of Plaintiff as the non-moving party.

Plaintiff, a New York corporation, "is a successful tile business operating in Brooklyn since 1996." (*Id.* ¶¶ 1, 11.) Defendant is a Georgia corporation doing business in New York. (*Id.* ¶ 2.) "In or around April 2024, Defendant advertised its upcoming store opening in Brooklyn, utilizing a billboard that stated, 'Floor & Decor Tile Wood Stone: Unbeatable prices. Brands pros trust. Coming soon in Brooklyn.'" (*Id.* ¶ 12.) "Defendant's marketing emails also contained similar phrases, such as 'Unmatched selection at unbeatable prices' and 'Unbeatable in-stock selection [...] at unbeatable prices.'" (*Id.* ¶ 13.) After Defendant's advertising campaign and Brooklyn store opening on May 6, 2024, "Plaintiff experienced a significant and immediate decline in sales," including revenues decreasing from "$1,052,096.01 in February and $1,053,396.80 in March 2024, to $975,448.20 and $994,545.11 in April and May 2024," and Plaintiff's revenues continue to decline. (*Id.* ¶¶ 14-16.) Plaintiff alleges that its estimated total losses exceed "$450,000 as a direct result of Defendant's false and misleading advertising campaign." (*Id.* ¶ 17.)

Plaintiff alleges two claims in violation of the GBL. Count I of the Amended Complaint alleges that Defendant's "billboard and marketing materials falsely claimed that it offered 'unbeatable prices,'" despite Plaintiff "regularly offer[ing] the same products as Defendant at lower prices," which "mislead[s] consumers and distort[s] the competitive landscape" in violation of GBL § 350. (*Id.* ¶¶ 19-21.) According to the Amended Complaint, Defendant's false advertising has "caused material harm to Plaintiff by diverting customers, leading to a substantial decline in sales." (*Id.* ¶ 22.) Count II of the Amended Complaint alleges that "Defendant's billboard and marketing materials deceived consumers by implying that its prices could not be beaten," in violation of GBL § 349, "when in fact Plaintiff offers lower prices on comparable products," causing Plaintiff to "suffer significant financial harm and lost customers." (*Id.* ¶¶ 26-28.)

**B.** **Procedural History**

Plaintiff filed its Amended Complaint on May 20, 2025, in New York State Supreme Court, and Defendant removed the action to this Court on June 24, 2025. (Notice of Removal, ECF 1; Am. Summons & Compl., ECF 1-3.) Defendant filed an Answer on July 7, 2025, and this Court subsequently held an initial conference on August 7, 2025, during which Defendant indicated its intention to file a motion to dismiss. (Answer, ECF 7; Aug. 8, 2025, Min. Entry.) On August 19, 2025, the parties consented to this Court's jurisdiction solely for the purpose of this dispositive motion, and the Clerk of Court entered the consent on August 25, 2025. (ECFs 10, 12.) As the parties did not consent to magistrate jurisdiction for all purposes, the Honorable Dora Lizette Irizarry was subsequently assigned to the matter. (*See* Oct. 15, 2025, Status Report Order.)

Defendant filed the current motion on September 12, 2025. (Mot. to Dismiss, ECF 13.) Plaintiff filed its Opposition to the Motion to Dismiss on September 26, 2025, (ECF 15; Pl. Mem. L. in Opp., ECF 15-3), and Defendant filed a Reply on October 3, 2025, (Reply, ECF 16).

## II.    LEGAL STANDARD

As an initial matter, Defendant filed its motion to dimiss after it had already filed an Answer to the Amended Complaint. The Second Circuit has held that "a motion to dismiss for failure to state a claim . . . that is styled as arising under Rule 12(b) but is filed after the close of pleadings should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001); *see also McQueen-Starling v. Best of Long Island Props.*, No. 20-cv-504 (AMD) (LB), 2022 U.S. Dist. LEXIS 177934, at *3-4 (E.D.N.Y. Sep. 29, 2022) ("Because the defendants have already answered the complaint … the appropriate motion is for judgment on the pleadings"). Accordingly, this

3

Court evaluates Defendant's Motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

"A court evaluating a Rule 12(c) motion for judgment on the pleadings applies the same standard that is applied to a motion to dismiss under Rule 12(b)(6)." *McQueen-Starling*, 2022 U.S. Dist. LEXIS 177934, at *4. As a result, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"[T]he court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). Determining whether a complaint states a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must "accept the well-pleaded factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Cuhadar v. Savoya*, 766 F. Supp. 3d 434, 443 (E.D.N.Y. 2025). The Court need not, however, "credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013), *superseded on other grounds by statute*, 18 U.S.C. § 2333(d). "[J]udgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even

4

if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (citation omitted).

## III.   DISCUSSION

Plaintiff asserts claims under GBL §§ 349 and 350. Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce[.]" Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state." "To state a claim under either statute, a plaintiff must 'allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Cobovic v. Mars Petcare United States, Inc.*, 793 F. Supp. 3d 438, 444 (E.D.N.Y. 2025) (quoting *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015)).

Defendant asserts that Plaintiff fails to state a claim under either section of the GBL because: "(1) the conduct complained of is not materially misleading; (2) Italian Tile fails to allege public harm; and (3) Italian Tile fails to support that it suffered damages as a result of the allegedly misleading statements." (Def. Mem. L. at 5.)

### A.   Materially Misleading Statements

Defendant argues that the advertising statements by Defendant quoted in the Amended Complaint constitute "inactionable puffery" that "cannot support a claim for false or misleading advertising." (*Id.* at 6.) In the alternative, Defendants argue that the statements are "not actionable because no reasonable consumer would be misled by these subjective, opinionated and vague statements." (*Id.* at 7.)

"A defendant's actions are materially misleading when they are likely to mislead a reasonable consumer acting reasonably under the circumstances." *McCracken v. Verisma Sys., Inc.*,

5

91 F.4th 600, 607 (2d Cir. 2024) (citation omitted); *see also Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 53 (E.D.N.Y. 2015) ("Courts view each allegedly misleading statement in light of its context on the . . . advertisement as a whole" (citation omitted)). "A 'material statement' is one bearing on a consumer's choice to participate in a transaction." *Yodice v. Touro Coll. & Univ.*, 767 F. Supp. 3d 86, 95 (S.D.N.Y. 2025) (citing *McCracken*, 91 F.4th at 608.) "[A] plaintiff must plausibly allege that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." *Ward v. Pepperidge Farm, Inc.*, 773 F. Supp. 3d 10, 18 (S.D.N.Y. 2025) (quoting *Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137, 149 (S.D.N.Y. 2022)). "Although the question of whether a business practice or advertisement is misleading to the reasonable consumer is generally a question of fact, it is well settled that a court may determine as a matter of law that an allegedly deceptive [practice] would not have misled a reasonable consumer." *Id.* (citation omitted).

The Second Circuit has recognized "puffery" as a defense against allegations of materially misleading statements. *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 96 (2d Cir. 2023). "Statements that are mere puffery cannot support a claim under GBL §§ 349 or 350, and thus '[c]ourts can determine that a statement is puffery as a matter of law.'" *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 346-47 (S.D.N.Y. 2020) (quoting *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 241 (S.D.N.Y. 2020)). This Circuit has recognized two types of puffery: "(1) subjective statements that cannot be proven true or false and are therefore non-actionable puffery as a matter of law and (2) objective statements that can be proven true or false but are so exaggerated that no reasonable buyer could justifiably rely on them." *MacNaughton*, 67 F.4th at 96 (citing *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 60 (2d Cir. 2022)). Subjective puffery includes "exaggerations or overstatements that mention nothing specific," but

6

instead are "general claims of superiority expressed in broad, vague, and commendatory language." *Id.* Objective puffery is defined as "exaggerated, blustering, and boasting statements that are *objective*—and therefore technically provable—but upon which no reasonable buyer would be justified in relying." *Id.* (emphasis in original).

Turning to the specific allegations here, Plaintiff alleges that Defendant's advertisements of "unmatched selection" and "unbeatable prices" "are specific, verifiable claims of market superiority that can be tested and proven false," and were "designed to mislead consumers and harm competitors." (Pl. Mem. L. in Opp. at 6-7). Drawing all reasonable inferences in favor of Plaintiff, the Court agrees with Defendant that its representations of "unmatched selection" and "unbeatable prices" constitute mere puffery, amounting to exaggerated, boasting statements of general superiority. *See MacNaughton*, 67 F.4th at 96. "An advertisement is non-actionable puffery when it makes 'a general claim of superiority over comparable products that is so vague that it can be understood as nothing more than a mere expression of opinion.'" *Weight Watchers Int'l, Inc. v. Noom, Inc.*, 403 F. Supp. 3d 361, 370 (S.D.N.Y. 2019). Courts in this Circuit regularly consider "[g]eneral descriptions about the product," such as "high-speed internet service as the 'fastest, easiest way to get online'" or "a truck as the 'most dependable, long-lasting,'" as non-actionable puffery. *Avola v. La.-Pacific Corp.*, 991 F. Supp. 2d 381, 392 (E.D.N.Y. 2013) (collecting cases); *see also Cablevision Sys. Corp. v. Verizon N.Y. Inc.*, 119 F. Supp. 3d 39, 53 (E.D.N.Y. 2015) ("[T]o say that one's product is 'better' than a competitive product, without more specificity, could well define the concept of puffery"); *Stern v. Electrolux Home Prods.*, No. 24-cv-8204 (SJB) (ARL), 2026 U.S. Dist. LEXIS 58087, at *9 (E.D.N.Y. Mar. 19, 2026) (collecting cases and dismissing GBL claim where the advertisements of "highly rated" and "top of the line" refrigerators were non-actionable puffery); *Gordon & Breach Science Publishers S.A. v. Am. Inst.*

*of Physics*, 905 F. Supp. 169, 182 (S.D.N.Y. 1995) (holding that statements of "most cost-effective prices" and "subscription prices as low as possible" were mere puffery, "common to many advertisements").

Moreover, the Amended Complaint does not allege any additional factual allegations to support a finding that Defendant's statements could be construed as materially misleading. Perhaps recognizing the deficiencies in its Amended Complaint, in opposition to Defendant's motion, Plaintiff now submits two affidavits purporting to "show[] that reasonable customers" have "interpret[ed] these claims as fact and they relied on them." (Pl. Mem. in Opp. at 7.) However, the Court cannot consider new factual submissions beyond the pleadings on a motion to dismiss or a motion for judgment on the pleadings. *See Adler v. Aztech Chas. P. Young Co.*, 807 F. Supp. 1068, 1072 (S.D.N.Y. 1992) ("Although plaintiffs did submit affidavits with their opposition to this motion containing factual allegations …, those affidavits are inadmissible to cure the defect in a complaint when deciding a motion to dismiss."); *Gentile v. Touro Law Ctr.*, No. 21-cv-1345 (JS) (ARL), 2023 U.S. Dist. LEXIS 46561, at *12 n.2 (E.D.N.Y. Mar. 20, 2023) ("Generally, '[M]emoranda and supporting affidavits in opposition to a motion to dismiss cannot be used to cure a defective complaint.'" (quoting *Passiglia v. Northwell Health, Inc.*, 252 F. Supp. 3d 129, 136-37 (E.D.N.Y. 2017))).

As such, Plaintiff has failed to allege that Defendant's statements were materially misleading as required in order to state a claim under the GBL.

### B. <u>Public Harm</u>

Defendant also argues that Plaintiff fails to sufficiently allege public harm, a necessary element to establish a GBL claim. The Court agrees.

Although a non-consumer may bring a claim under GBL § 349, "the gravamen of the complaint must be consumer injury or harm to the public interest." *Electra v. 59 Murray Enters.*, 987 F.3d 233, 258 (2d Cir. 2021) (citation omitted). "A business competitor bringing a claim under Section 349 'must establish that the alleged deceptive act or practice was directed to the consuming public at large.'" *Reed Constr. Data Inc. v. McGraw-Hill Cos.*, 745 F. Supp. 2d 343, 355 (S.D.N.Y. 2010) (quoting *Bangkok Crafts Corp. v. Capitolo di San Pietro in Vaticano*, 331 F. Supp. 2d 247, 256 (S.D.N.Y. 2004)); *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 548 n.13 (S.D.N.Y. 2014) ("[C]ourts routinely reject a competitor's Sections 349 and 350 claims if the gravamen of the complaint is . . . harm to plaintiff's business rather than harm to the public interest in New York at large." (internal quotation marks and citation omitted)).

Plaintiff complains primarily of financial harm to its business and seeks damages for lost revenue (Am. Compl. ¶¶ 22-23, 27-28), which is insufficient to support its GBL claims. *Kforce, Inc. v. Alden Personnel, Inc.*, 288 F. Supp. 2d 513, 519 (S.D.N.Y. 2003) ("[A]s long as the public receives the product or service, a loss of business by plaintiff is not considered a public harm."); *Something Old, Something New, Inc. v. QVC, Inc.*, 1999 U.S. Dist. LEXIS 18878, at *39 (S.D.N.Y. Dec. 08, 1999) ("A deliberate effort by one competitor to destroy the other's business is not considered a harm to the public interest. . . . Even if plaintiffs lost sales to [the defendant], the public still received its [product]"); *Mayes v. Summit Entm't Corp.*, 287 F. Supp. 3d 200, 211 (E.D.N.Y. 2018) (dismissing claims where "Plaintiffs point to no consumers who have been injured by the alleged misrepresentation, and to no material harm that came about as a result thereof"); *RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*, 2015 U.S. Dist. LEXIS 111823, at *14-15 (S.D.N.Y. Aug. 24, 2015) ("Plainly, the 'core of [that] claim is harm to [its] business as

9

opposed to consumers,' which renders it insufficient." (quoting *Gucci Am. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003)).

Plaintiff's limited allegation of public harm, that Defendant "deceived consumers by implying that its prices could not be beaten," is not enough to support a GBL claim. (Am. Compl. ¶ 26); *See Gucci*, 277 Supp. 2d at 274-75 (finding that defendants' "allegation that consumers will be forced to . . . pay much higher prices to purchase the same items from [a competitor], does not set forth sufficient consumer harm to state a claim under § 349"); *see, e.g.*, *LBF Travel v. Fareportal, Inc.*, 2014 U.S. Dist. LEXIS 156583, at *33-34 (S.D.N.Y. Nov. 5, 2014). Moreover, even if "consumers paid more for an allegedly inferior product," courts have held that the harm is "incidental in nature and insufficient to support a claim." *Reed Constr.*, 745 F. Supp. 2d at 355 (dismissing claim where the "only allegation regarding public harm is that consumers in the New York construction data market may have overpaid to subscribe to the Dodge Network when Reed Connect is a superior product . . . . it does not state a claim under New York GBL § 349").

Because Plaintiff fails to allege the requisite elements that Defendant's statements are materially misleading, and that there has been a public harm, this Court need not reach the question of whether Plaintiff has sufficiently pled injury under the GBL. *See, e.g.*, *Foster v. Whole Foods Mkt. Grp., Inc.*, No. 22-cv-01240 (ERK) (RML), 2023 U.S. Dist. LEXIS 18709, at *11 (E.D.N.Y. Feb. 3, 2023).

### C.    Leave To Amend

Plaintiff requests leave to amend its complaint if Defendant's Motion is granted without any explanation of what new allegations may be added to cure its pleading deficiencies. (Pl. Mem. in Opp. at 10.) Although this Court is skeptical that the additional information in Plaintiff's affidavits would cure the defects identified above, this Court recognizes that the Second Circuit

10

strongly favors a "liberal grant of an opportunity to replead after dismissal of a complaint." *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022). Accordingly, this Court grants leave to amend to allow Plaintiff to incorporate additional factual allegations not considered in deciding this motion. *See Adler*, 807 F. Supp. at 1072. Should Plaintiff choose to file a second amended complaint, it must do so within thirty days of this Memorandum and Order, addressing the deficiencies identified herein. If Plaintiff fails to file an amended complaint within the deadline, this case may be dismissed with prejudice.

## IV.    CONCLUSION

Based on the foregoing, this Court grants Defendant's motion for judgment on the pleadings and dismisses Plaintiff's Amended Complaint, with leave to file a second amended complaint within thirty days.

**SO ORDERED.**

Brooklyn, New York
May 5, 2026

_Lara K. Eshkenazi_
LARA K. ESHKENAZI
United States Magistrate Judge

11